## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CUTTING EDGE VISION, LLC, an Arizona Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>ONEPLUS TECHNOLOGY (SHENZEN) CO., LTD., a Chinese Corporation<br><br>Defendant. | No. 1:19-cv-04753<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cutting Edge Vision, LLC (also referred to as "CEV") complains against defendant OnePlus Technology (Shenzen) Co., Ltd. (also referred to as "OnePlus" or "Defendant") as follows:

### NATURE OF THE ACTION

1. Cutting Edge Vision, LLC holds patents for camera and camera-enabled mobile device technologies invented by Jeffrey C. Konicek. It has licensed its technology to leading mobile phone manufacturers including Samsung Electronics Co., Ltd.; LG Electronics Inc.; Sony Mobile Communications Inc.; and Microsoft Corporation. Despite repeated notice of its infringement, Defendant OnePlus Technology (Shenzen) Co., Ltd. continues its unlicensed infringement of Cutting Edge Vision, LLC's patents.

### THE PARTIES

2. Cutting Edge Vision, LLC is an Arizona Limited Liability Company based in Scottsdale, Arizona.

3. OnePlus Technology (Shenzen) Co., Ltd. is a corporation duly organized and existing under the laws of the People's Republic of China, with its principal place of business at 18F Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong 518040 China.

4. OnePlus makes, uses, imports, sells, and offers for sale in the United States camera-enabled mobile devices, including at least the OnePlus 3, OnePlus 3T, OnePlus 5, OnePlus 5T, OnePlus 6, OnePlus 6T, and OnePlus 7 Pro.

## JURISDICTION AND VENUE

5. Defendant OnePlus is subject to this Court's specific personal jurisdiction pursuant to due process and/or the Illinois Long Arm Statute, Section 2-209 of the Illinois Code of Civil Procedure, due at least to its substantial business conducted in this District, including: (i) transacting business within the State of Illinois, including selling the accused devices and other camera-enabled mobile devices to consumers and/or distributors and through T-Mobile retail locations within this judicial district; and (ii) having committed the complained of tortious acts of infringement in Illinois and in this District, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution, and the exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.

6. OnePlus, directly and/or through subsidiaries and agents (including distributors, retailers, and others, including T-Mobile), makes, imports, ships, distributes, offers for sale, sells, uses, and advertises (including offering products through its website, http://www.oneplus.com, and other retailers, carriers, and websites) its products in the United States, the State of Illinois, and the Northern District of Illinois. At the time of filing of this Complaint, OnePlus's camera-

enabled mobile devices, including the accused devices, are available for purchase by consumers in Illinois, including at T-Mobile retail locations, within the Northern District of Illinois.

7. OnePlus, directly and/or through its subsidiaries and agents (including distributors, retailers, and others, including T-Mobile) has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Northern District of Illinois. These infringing products have been and continue to be purchased and used by consumers in the Northern District of Illinois. OnePlus has committed acts of patent infringement within the State of Illinois and, more particularly, within the Northern District of Illinois.

8. This action arises under the Patent Laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is appropriate in this District under 28 U.S.C. § 1391(b)-(d), because Defendant is subject to personal jurisdiction in Illinois and the Northern District of Illinois but not resident in the United States.

## CUTTING EDGE VISION PATENT PORTFOLIO

6. Cutting Edge Vision, LLC is the assignee of a portfolio of thirteen patents issued to Jeffrey C. Konicek for the inventions claimed therein relating to camera and camera-enabled mobile device technologies. The CEV patents in the portfolio currently asserted in this case to be infringed by OnePlus are:

- U.S. Patent 7,697,827, entitled "User-Friendlier Interfaces for a Camera," filed October 17, 2005, issued April 13, 2010;

- U.S. Patent 8,923,692, entitled "Pictures Using Voice Commands and Automatic Upload," filed August 6, 2014, issued December 30, 2014; and
- U.S. Patent 10,063,761, entitled "Automatic Upload of Pictures from a Camera," filed November 24, 2015, issued August 28, 2018.

The CEV portfolio also includes the following additional patents that claim inventions relating to camera and camera-enabled mobile device technologies:

- U.S. Patent 7,933,508, entitled "User-Friendlier Interfaces for a Camera," filed February 22, 2010, issued April 26, 2011;
- U.S. Patent 8,467,672, entitled "Voice Recognition and Gaze-Tracking for a Camera," filed April 15, 2011, issued June 18, 2013;
- U.S. Patent 8,831,418, entitled "Automatic Upload of Pictures from a Camera," filed December 17, 2012, issued September 9, 2014;
- U.S. Patent 8,824,879, entitled "Two Words as the Same Voice Command for a Camera," filed March 6, 2014, issued September 2, 2014;
- U.S. Patent 8,818,182, entitled "Pictures Using Voice Commands and Automatic Upload," filed March 10, 2014, issued August 26, 2014;
- U.S. Patent 8,897,634, entitled "Pictures Using Voice Commands and Automatic Upload," filed June 26, 2014, issued November 25, 2014;
- U.S. Patent 8,917,982, entitled "Pictures Using Voice Commands and Automatic Upload," filed September 25, 2014, issued December 23, 2014;
- U.S. Patent 9,485,403, entitled "Wink Detecting Camera," filed November 12, 2014, issued November 1, 2016;

- U.S. Patent 9,936,116, entitled "Pictures Using Voice Commands and Automatic Upload," filed June 21, 2016, issued April 3, 2018;

- U.S. Patent 10,257,401, entitled "Pictures Using Voice Commands," filed November 24, 2015, issued April 9, 2019.

Discovery in this matter may establish that OnePlus infringes one or more of these additional patents. The thirteen patents identified above are all part of the same family of patents and are referred to collectively herein as the "CEV Technology."

7. Mr. Konicek assigned all rights, titles and interests in the CEV Technology to Cutting Edge Vision, LLC, including the right to sue for past damages.

## THE LICENSING PROGRAM

11. CEV has for several years engaged in a program to license the CEV Technology to major camera and mobile device manufacturers.

12. As a result of its licensing efforts, CEV has licensed the CEV Technology to four of the world's leading camera and mobile device manufacturers, including:

- Samsung Electronics Co., Ltd.
- LG Electronics Inc.
- Sony Mobile Communications Inc.
- Microsoft Corporation

16. CEV first notified OnePlus that it was infringing the CEV Technology three years ago on July 19, 2016. That notice letter included detailed claim infringement charts demonstrating that at least OnePlus's OnePlus 3 mobile device infringed at least the following CEV patents and claims: Claims 1, 2, 4, 5, 7, 8, 11, and 16 of U.S. Patent 8,923,692; and Claim 1 U.S. Patent 7,697,827. CEV offered to discuss the license terms with OnePlus regarding the

CEV Technology and address in good faith the merits of any response or defense presented by OnePlus.

17. CEV followed up multiple times thereafter, sending additional notices to OnePlus regarding its infringement of CEV's patents during the period from 2016-2019. CEV also sent additional claim infringement charts on September 5, 2018 and again on April 9, 2019 demonstrating that at least OnePlus's OnePlus 3, OnePlus 3T, OnePlus 5, OnePlus 5T, and OnePlus 6 mobile devices infringed Claims 1-4 and 16 of U.S. Patent 10,063,761, and the OnePlus 6T mobile device infringed Claims 1-4, 9, 10, and 16 of U.S. Patent 10,063,761 and Claim 1 of U.S. Patent 7,697,827.

18. In its correspondence, CEV repeatedly requested a meeting with OnePlus to discuss the merits of CEV's infringement assertions and the available terms of an amicably negotiated license.

19. OnePlus acknowledged receipt of CEV's letters, indicated that it would review CEV's materials, and asked a few questions (which CEV responded to promptly). However, OnePlus never presented a substantive response to CEV, never addressed the merits of CEV's assertions (either orally or in writing), never accepted CEV's offer to discuss any potential defenses, and never attempted to negotiate a license under CEV's patents.

20. Thus, for three years, OnePlus, with full knowledge of its infringement and with no articulated defense to that infringement, has refused CEV's numerous invitations to present defenses or negotiate a license with CEV.

**COUNT I**

**(Infringement of United States Patent No. 10,063,761)**

21. CEV incorporates by reference paragraphs 1 through 20 of this Complaint and realleges them as though fully set forth herein.

22. At least since August 28, 2018, Defendant has made, used, sold, offered for sale, and/or imported camera-enabled mobile devices that meet each and every element of Claims 1-4 and 16 of U.S. Patent 10,063,761 ("the '761 Patent"), including at least the OnePlus 3, OnePlus 3T, OnePlus 5, OnePlus 5T, OnePlus 6, OnePlus 6T, and OnePlus 7 Pro ("the Accused '761 Devices"). At least the OnePlus 6T and OnePlus 7 Pro also meet each and every element of Claims 9 and 10 of the '761 Patent. It is likely that other OnePlus devices will be determined to infringe claims of the '761 Patent.

23. Specifically, as required by CEV's independent claim 1, at least the Accused '761 Devices include a lens, a cellular interface, an image sensor configured to take pictures, a non-volatile local memory configured to store one or more pictures, a touch sensitive display, and a controller. In each of the Accused '761 Devices, the controller is configured to automatically upload designated photos over a cellular interface. The upload occurs after the device receives an indication that the system is connected to the internet via the cellular interface, and after a user has elected an option to designate at least one picture to be uploaded (through a selection of device folders for upload). Furthermore, the devices include an upload option that instructs the device to confine automatic picture upload to periods without potential cellular network access fees (i.e., to not upload while roaming).

24. At least the Accused '761 Devices also meet each and every element of dependent claims 2-4 and 16 of the '761 Patent, and OnePlus 6T and OnePlus 7 Pro also meet each and

every element of dependent claims 9 and 10 of the '761 Patent by being configured to use multiple microphones in conjunction with certain voice recognition features.

25. Direct infringement of Claims 1-4, 9, 10, and 16 of the '761 Patent under 35 U.S.C. § 271(a) occurred when OnePlus made, imported, used, sold and/or offered for sale at least the Accused '761 Devices that meet the elements of these claims.

26. In addition, with Defendant being on notice of infringement of the '761 Patent, and in view of the conduct set forth above including in Paragraphs 16-20, CEV is informed and believes, and thereon alleges, that Defendant's infringement of the '761 Patent has been and continues to be willful.

27. As a direct and proximate result of Defendant's conduct, CEV has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. CEV has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT II

### (Infringement of United States Patent No. 8,923,692)

28. CEV incorporates by reference paragraphs 1 through 20 of this Complaint and realleges them as though fully set forth herein.

29. At least since July 19, 2016, Defendant has made, used, sold, offered for sale, and/or imported camera-enabled mobile devices that meet each and every element of Claims 1, 2, 4, 5, 7, and 8 of U.S. Patent 8,923,692 ("the '692 Patent"), including at least the OnePlus 3, OnePlus 3T, OnePlus 5, OnePlus 5T, OnePlus 6, OnePlus 6T, and OnePlus 7 Pro ("the Accused '692 Devices"). At least the OnePlus 6T and OnePlus 7 Pro also meet each and every element of

Claim 16 of the '692 Patent. It is likely that other OnePlus devices will be determined to infringe claims of the '692 Patent.

30. Specifically, as required by CEV's independent claim 1, at least the Accused '692 Devices include a camera that is operable to take and store pictures, a lens, an image sensor, at least one microphone, a voice recognizer, a controller, a WIFI interface, and a touch sensitive display. In each of the Accused '692 Devices, the voice recognizer is coupled to, and configured to receive and process sounds transduced by, the at least one microphone to recognize human spoken words as words associated with a specified command to be performed by the controller. In each of the Accused '692 Devices, the controller includes a control program having instructions to control and respond to the voice recognizer, and the controller is configured to cause the camera to perform the specific command associated with the spoken word recognized by the voice recognizer and cause the system to take a plurality of pictures by collecting data from the image sensor and storing the pictures in a local memory of the camera. The controller is also configured to automatically upload pictures via a WIFI interface to an internet picture hosting website under certain conditions. Specifically, the Accused '692 Devices are configured to automatically upload designated photos. The upload occurs when the device receives an indication that the system can make an internet connection via the WIFI interface, and if one or more of the pictures stored in local memory are designated to be uploaded through a selection of one or more of the device folders. A selection of a device folder designates the pictures in that folder for automatic upload.

31. At least the Accused '692 Devices also meet each and every element of dependent claims 2, 4, 5, 7, and 8 of the '692 Patent, and at least the OnePlus 6T and OnePlus 7 Pro also

meet each and every element of Claim 16 of the '692 Patent by being configured to use multiple microphones in conjunction with certain voice recognition features.

32. Direct infringement of Claims 1, 2, 4, 5, 7, 8, and 16 of the '692 Patent under 35 U.S.C. § 271(a) occurred when OnePlus made, imported, used, sold and/or offered for sale at least the Accused '692 Devices that meet the elements of these claims.

33. In addition, with Defendant being on notice of infringement of the '692 Patent, and in view of the conduct set forth above including in Paragraphs 16-20, CEV is informed and believes, and thereon alleges, that Defendant's infringement of the '692 Patent has been and continues to be willful.

34. As a direct and proximate result of Defendant's conduct, CEV has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. CEV has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT III

### (Infringement of United States Patent No. 7,697,827)

35. CEV incorporates by reference paragraphs 1 through 20 of this Complaint and realleges them as though fully set forth herein.

36. At least since July 19, 2016, Defendant has made, used, sold, offered for sale, and/or imported camera-enabled mobile devices that meet each and every element of Claim 1 of U.S. Patent 7,697,827 ("the '827 Patent"), including at least the OnePlus 6T and OnePlus 7 Pro ("the Accused '827 Devices"). It is likely that other OnePlus devices will be determined to infringe claims of the '827 Patent.

37. Specifically, as required by CEV's independent claim 1, at least the Accused '827 Devices include a camera that is operable to take and store pictures, a lens, an image sensor, at least two microphones, a voice-recognition unit, and a camera controller. In each of the Accused '827 Devices, the controller includes a control program having instructions to control and respond to the voice-recognition unit. Each of the Accused '827 Devices receives sound signals through at least two microphones corresponding to the same utterance and is configured to apply a voice-recognition algorithm based on the energy detected at each of these two microphones.

38. Direct infringement of Claim 1 of the '827 Patent under 35 U.S.C. § 271(a) occurred when OnePlus made, imported, used, sold and/or offered for sale at least the Accused '827 Devices that meet the elements of this claim.

39. In addition, with Defendant being on notice of infringement of the '827 Patent, and in view of the conduct set forth above including in Paragraphs 16-20, CEV is informed and believes, and thereon alleges, that Defendant's infringement of the '827 Patent has been and continues to be willful.

40. As a direct and proximate result of Defendant's conduct, CEV has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. CEV has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

WHEREFORE, CUTTING EDGE VISION, LLC PRAYS FOR:

41. Judgment on the Complaint that Defendant has willfully infringed one or more of the claims of the '761 Patent, '692 Patent, and '827 Patent;

42. A permanent injunction to be issued enjoining and restraining OnePlus, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and

those in active concert and participation with it, and each of them, from making, using, selling, offering for sale, or importing any products which infringe claims of the '761 Patent, '692 Patent, or '827 Patent, and from inducing or contributing to the infringement of any such claims by others;

43.     An award of damages against OnePlus adequate to compensate CEV for past infringement of the '761 Patent, '692 Patent, and '827 Patent, together with interest and costs as fixed by the Court, such damages to be trebled where appropriate because of the willful and deliberate character of the infringement;

44.     Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that CEV is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

45.     Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED, this 16th day of July, 2019.

                LAW OFFICES OF LISA & LESKO, LLC

                By: _/s/ Justin J. Lesko_

                   Justin J. Lesko

                Attorney for Plaintiff

                Steven G. Lisa (Ill. State Bar # 6187348)
                Justin J. Lesko (Ill. State Bar # 6306428)
                Law Offices of Lisa & Lesko, LLC
                55 East Monroe Street, Suite 3800
                Chicago, IL 60603
                Tel.: (312) 752-4357
                Fax: (312) 896-5633

                Eamon Kelly (Ill. State Bar # 6296907)
                Sperling & Slater, PC
                55 West Monroe Street, Suite 3200
                Chicago, IL 60603
                Tel.: (312) 641-3200
                Fax: (312) 641-6492

**DEMAND FOR JURY TRIAL**

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedures as to all issues in the above captioned lawsuit.

RESPECTFULLY SUBMITTED this 16th day of July, 2019.

LAW OFFICES OF LISA & LESKO, LLC

By: _/s/ Justin J. Lesko_

Justin J. Lesko

Attorney for Plaintiff

Steven G. Lisa (Ill. State Bar # 6187348)
Justin J. Lesko (Ill. State Bar # 6306428)
Law Offices of Lisa & Lesko, LLC
55 East Monroe Street, Suite 3800
Chicago, IL 60603
Tel.: (312) 752-4357
Fax: (312) 896-5633

Eamon Kelly (Ill. State Bar # 6296907)
Sperling & Slater, PC
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Tel.: (312) 641-3200
Fax: (312) 641-6492